[Cite as *State v. Worley*, 2026-Ohio-2934.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                                   :

    Plaintiff-Appellee,               :

                                No. 115745

    v.                                                  :

SHERMAN WORLEY, SR.,                    :

    Defendant-Appellant.           :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 30, 2026

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-24-695550-B and CR-24-697215-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Anjali Kanwar, Assistant Prosecuting
Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and
Jennifer J. Pritchard, Assistant Public Defender, *for
appellant.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant Sherman Worley appeals his conviction and
sentence after he pleaded guilty on multiple counts related to two cases. Finding no

merit to the appeal, we affirm.

{¶ 2} In 2024, appellant was charged in C.P. No. CR-24-695550-B and C.P. No. CR-24-697215-A. CR-24-695550-B stemmed from a traffic stop, during which police recovered drugs and weapons. Appellant was charged with two counts each of trafficking in drugs and possession of drugs and one count each of having weapons while under disability, carrying a concealed weapon, improperly handling firearms in a motor vehicle, and obstructing official business. Certain counts included one-year firearm and forfeiture specifications.

{¶ 3} The second case, CR-24-697215-A, stemmed from an incident at an O'Reilly Auto Parts store during which appellant pointed a gun at a store employee, who fell trying to flee and was injured. Appellant stole the employee's two firearms, cell phone, cigarettes, and lighter. Appellant fled, but the police located him after another person waved them down and stated that appellant had shot at him. Appellant then led police on a high speed chase before crashing his vehicle. The police recovered drugs and weapons after a search of appellant's vehicle and the surrounding area. Appellant was charged in a 16-count indictment with three counts of possession of drugs; two counts each of failure to comply with order or signal of a police officer, having weapons while under disability, robbery, and felonious assault; and one count each of aggravated robbery, grand theft, discharge of firearm on or near prohibited premises, improperly handling firearms in a motor vehicle, and vandalism. Certain counts contained one- and three-year firearm specifications and forfeiture specifications.

**{¶ 4}** An attorney was assigned to represent appellant. Appellant then retained new counsel. On September 2, 2025, appellant entered a change of plea.

**{¶ 5}** In CR-24-695550-B, appellant pleaded guilty to two counts of trafficking in drugs (one count contained a one-year firearm specification) and one count each of having weapons while under disability and obstructing official business. In CR-24-697215-A, appellant pleaded guilty to one count each of robbery with a one-year firearm specification, felonious assault with a one-year firearm specification, grand theft, discharge of firearm on or near prohibited premises, failure to comply with an order or signal of a police officer, having weapons while under disability, and vandalism. Appellant agreed to forfeit all weapons and have no contact with the victims.

**{¶ 6}** On a later date, the trial court sentenced appellant to 17-20 years in prison, ordered him to pay $6,356.23 in restitution, and ordered him to pay a mandatory fine of $5,000 for one of the drug-trafficking convictions in CR-24-695550-B.

**{¶ 7}** This appeal followed.

**{¶ 8}** Appellant assigns the following errors for our review:

I. The trial court erred by accepting Appellant's guilty plea when it was not knowingly, intelligently, and voluntarily made when the trial court failed to advise [appellant] that the guilty plea would be a complete admission of guilt, the effect of the guilty plea or that a mandatory fine and restitution would be imposed.

II: The trial court erred by failing to merge all allied offenses of similar import and by imposing separate sentences for allied offenses which

violates Appellant's state and federal rights to due process and protections against double jeopardy.

III: [Appellant] received ineffective assistance of counsel during the plea process.

## Crim.R. 11

{¶ 9} In the first assignment of error, appellant challenges his guilty plea, arguing that the trial court failed to advise him that a mandatory fine may be imposed, that restitution would be imposed, or of the effect of his guilty plea.

{¶ 10} It is well-established that "[b]ecause a no-contest or guilty plea involves a waiver of constitutional rights, a defendant's decision to enter a plea must be knowing, intelligent, and voluntary." *State v. Dangler*, 2020-Ohio-2765, ¶ 10, citing *Parke v. Raley*, 506 U.S. 20 (1992). Crim.R. 11(C) sets forth certain constitutional and procedural requirements that a trial court must comply with prior to accepting a guilty plea. The Ohio Supreme Court has summarized appellate review of compliance with Crim.R. 11(C) as follows:

> Properly understood, the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

*Dangler* at ¶ 17.

{¶ 11} Relevant to the instant matter, Crim.R. 11(C) requires the trial court to

> (a) Determin[e] that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible

for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Inform[] the defendant of and determin[e] that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

Crim.R. 11 (C)(2)(a)-(b).

{¶ 12} A trial court need not recite Crim.R. 11(C) verbatim; the failure to utilize the exact language does not invalidate a plea. *State v. Grayer*, 2019-Ohio-3511, ¶ 12 (8th Dist.). "'Rather, the focus, upon review, is whether the record shows that the trial court explained or referred to the right in a manner reasonably intelligible to th[e] defendant.'" *Grayer* at *id.*, quoting *State v. Ballard*, 66 Ohio St.2d 473, 480 (1981). "[W]hen a trial court fails to fully cover . . . 'nonconstitutional' aspects of the plea colloquy, a defendant must affirmatively show prejudice to invalidate a plea." *Dangler* at ¶ 14. The test for prejudice is "'whether the plea would have otherwise been made.'" *Dangler* at ¶ 16, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). An exception to the prejudice requirement applies, however, in the event of "a trial court's complete failure to comply with a portion of Crim.R. 11(C)." *Dangler* at ¶ 15. If there is a complete failure to comply, "the defendant's burden to show prejudice is eliminated." *Dangler* at *id.* The Ohio Supreme Court has not explicitly defined a trial court's "complete failure to comply" under a Crim.R. 11 analysis.

{¶ 13} We review compliance with Crim.R. 11(C) de novo, considering the totality of the circumstances. *State v. Niyonzima*, 2025-Ohio-1185, ¶ 9 (8th Dist.).

**Mandatory Fine — Drug Trafficking**

{¶ 14} Appellant argues that the trial court's failure to inform him he was subject to a mandatory fine for his drug-trafficking conviction was a complete failure to comply with Crim.R. 11(C).

{¶ 15} We find this court's decision in *State v. Mackey*, 2013-Ohio-4698 (8th Dist.), instructive. In *Mackey*, the trial court advised the defendant of the maximum fine that could be imposed, and the mandatory prison sentence, before accepting his guilty plea. *Id.* at ¶ 8. The trial court did not, however, advise the defendant that the counts carried a mandatory fine of $7,500. *Id.* On appeal, this court found that although the trial court did not tell the defendant the amount of the mandatory minimum fine on each count, the court did advise him, "as required by Crim.R. 11(C)(2)(a) of 'the maximum penalty involved' on each count." *Id.* "Although it may have been preferable for the judge to have advised Mackey of the mandatory minimum fine, nothing in Crim.R. 11 requires the trial court to advise the defendant of the minimum sentence." *Id.*, citing *State v. Miller*, 1997 Ohio App. LEXIS 2858 (10th Dist. June 30, 1997).

{¶ 16} Here, as in *Mackey*, the trial court informed appellant of the maximum potential fines and prison sentences. The trial court asked appellant if he understood everything involved in pleading guilty, to which appellant responded in the affirmative. The was no complete failure to comply with Crim.R. 11(C) in this regard.

{¶ 17} Next, in considering whether appellant can show that he was prejudiced by the court's omission, appellant has not argued, let alone shown, that he would not have entered guilty pleas had he known he was subject to a mandatory fine.

**Restitution**

{¶ 18} Appellant argues that his plea should be invalidated because the trial court did not mention the possibility of restitution during his plea hearing but later ordered he pay restitution to O'Reilly Auto Parts. To determine this, we consider whether the trial court's failure to inform appellant that he could be subject to restitution constituted a complete failure under Crim.R. 11 such that he did not need to make a showing of prejudice and, therefore, his guilty plea was not knowingly, intelligently, and voluntarily made.

{¶ 19} This court has recently found that the failure to mention restitution during a plea colloquy does not constitute a complete failure to comply with Crim.R. 11. *State v. Blake*, 2026-Ohio-1769, ¶ 22 (8th Dist.). Thus, in accordance with this court's holding in *Blake*, we determine that the trial court's failure to mention restitution during the plea hearing was not a complete failure to comply with Crim.R. 11.[1]

{¶ 20} Next, we consider whether appellant showed that he was prejudiced by the trial court's failure to mention restitution during his plea colloquy. As with

---

[1] Appellant further argues that the trial court erred in failing to consider his present or future ability to pay restitution. There is no requirement, however, that a trial court make this determination as part of a plea hearing.

the mandatory fine, appellant is unable to show that he would not have entered his plea had he been told that he would have to pay restitution or that he was otherwise prejudiced by entering his plea. *See Blake* at ¶ 25; *see also State v. Olsen*, 2022-Ohio-1402, ¶ 10 (8th Dist.) (defendant was unable to show that he had been prejudiced by the court's failure to advise him of the amount of restitution).

**Effect of Guilty Plea**

{¶ 21} Appellant claims that the trial court failed to advise him of the effect of his guilty plea.

{¶ 22} Crim.R. 11(B)(1) states that a guilty plea is "a complete admission of the defendant's guilt." "The right to be informed that a guilty plea is a complete admission of guilt is nonconstitutional[.]" *State v. Griggs*, 2004-Ohio-4415, ¶ 12.

{¶ 23} In *State v. Fonta*nez, 2024-Ohio-4579, ¶ 9 (8th Dist.), this court, sitting en banc, found that

> where a trial court does not explicitly state that a guilty plea constitutes a complete admission of guilt during a Crim.R. 11 colloquy but the court otherwise complies with the rule and the defendant does not assert actual innocence, we may presume that the defendant understood that his guilty plea was a complete admission of guilt.

*Id., appeal accepted, 01/22/2025 Case Announcements*, 2025-Ohio-156 (Ohio Supreme Court case No. 2024-1464, certifying a conflict).

{¶ 24} In *Fontanez*, this court found that the meaning of a guilty plea is "self-evident" based on the word's plain meaning and common use in the English language. *Id*. at ¶ 13. The meaning of "guilty" can also be apparent from the plea colloquy itself. *Id*. at ¶ 14.

{¶ 25} We find neither complete nor prejudicial failure by the court to inform appellant about the effect of his guilty plea. Appellant did not assert actual innocence and, as in *Fontanez,* it is evident from the plea colloquy that appellant's guilty plea was a complete admission of guilt.

{¶ 26} The first assignment of error is overruled.

**Allied Offenses of Similar Import**

{¶ 27} In the second assignment of error, appellant argues that the trial court erred in failing to merge the robbery and theft counts because they were allied offenses of similar import. We review the issue for plain error because appellant failed to raise the issue of merger at trial. *State v. Bailey*, 2022-Ohio-4407, ¶ 7, citing *State v. Rogers*, 2015-Ohio-2459 (finding that the failure to raise the allied offense issue at the time of sentencing forfeits all but plain error). "Applying the plain-error standard to an allied offenses argument, the 'accused has the burden to demonstrate a reasonable probability that the convictions are allied offenses of similar import committed with the same conduct and without a separate animus' or import." *State v. Goldsby*, 2025-Ohio-967, ¶ 29 (8th Dist.), quoting *Rogers* at ¶ 3.

{¶ 28} R.C. 2941.25, which governs allied offenses of similar import and merger, states:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his [or her] conduct results in two or more

offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 29} Courts will consider three separate factors to determine whether offenses are subject to merger: the import, the conduct, and the animus. *State v. Bey*, 2025-Ohio-740, ¶ 86 (8th Dist.), citing *State v. Ruff*, 2015-Ohio-995. R.C. 2941.25(A) allows only a single conviction for conduct that constitutes "allied offenses of similar import." Pursuant to R.C. 2941.25(B), offenses do not merge and a defendant charged with multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus. *Ruff* at ¶ 13, citing *State v. Moss*, 69 Ohio St.2d 515 (1982).

{¶ 30} The appellant bears the burden of establishing that he or she is entitled to the protections set forth in R.C. 2941.25 against multiple punishments for a single criminal act. *State v. Hicks*, 2025-Ohio-2520, ¶ 35 (8th Dist.).

{¶ 31} Here, appellant claims that the trial court committed plain error by failing to merge his robbery and theft convictions. Appellant pleaded guilty to robbery pursuant to R.C. 2911.02(A)(1), admitting he "did, in attempting or committing a theft offense upon [the store employee] or in fleeing immediately after the attempt or offense, have a deadly weapon, to wit: a firearm, on or about his

person or under his control." Appellant also pleaded guilty to grand theft under R.C. 2913.02(A)(1), and admitted he

> did with purpose to deprive the owner, [the store employee], of property or services, to wit: Ruger LCP 380 . . . and/or a Ruger Security 380 . . . knowingly obtain or exert control over either the property or services without the consent of the owner or person authorized to give consent.
>
> [Furthermore,] the property stolen is a firearm or dangerous ordnance.

{¶ 32} In *State v. Miller*, 2018-Ohio-2127 (8th Dist.), this court explained the difference between theft and robbery for purposes of mergers:

> When comparing the offenses of theft and robbery, it is evident that the "gravamen" of theft is depriving the owner of his or her property. The "gravamen" of robbery, however, is not just to deprive the owner of his or her property, but also to inflict harm on someone or threaten to do so while committing the theft offense. Indeed, the legislative notes under the robbery statute state, "As in the section on aggravated robbery, this section provides that the difference between theft and robbery is an element of actual or potential harm to persons." 1974 Committee Comment to Am.Sub.H.B. 511 (robbery under R.C. 2911.02). Thus, robbery is an offense against persons, not property.

*Id.* at ¶ 12.

{¶ 33} In this case, robbery and grand theft are not allied offenses of similar import. The store employee stated that appellant took his two firearms, cell phone, cigarettes, and lighter. Thus, as part and parcel of the robbery, appellant robbed the store employee of more than just his firearms. The grand theft count was limited to the taking of the employee's firearms. Moreover, the harms in this case are readily distinguishable. For the robbery count, there were identifiable harms against the employee's person. Appellant pointed his gun at the employee and the employee

turned to run and fell. Appellant ran up to the employee, told him to stay down, pointed his gun at the employee's head, and pulled the trigger.[2] During this process, the employee scraped his arms and smashed his nose on the ground, causing him to bleed. The theft occurred against appellant's property — the taking of the employee's cell phone, cigarettes, lighter, and firearms. Therefore, appellant's offenses caused separate, identifiable harm.

{¶ 34} Thus, the trial court did not commit plain error by failing to merge the robbery and grand theft charges.

{¶ 35} The second assignment of error is overruled.

**Appellant Did Not Receive Ineffective Assistance of Counsel**

{¶ 36} In the third assignment of error, appellant argues that he received ineffective assistance of counsel. Appellant argues that his counsel was ineffective for failing to raise the issue of allied offenses, for failing to object to errors made during his plea colloquy, and by failing to secure an affidavit of indigency or to address his inability to pay the mandatory fine.

{¶ 37} To establish ineffective assistance of counsel, a defendant must demonstrate that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defendant so as to deprive him or her of a fair trial. *State v. Trimble*, 2009-Ohio-2961, ¶ 98, citing *Strickland v. Washington*, 466 U.S. 668 (1984). The failure to prove either prong of this two-part test makes it

---

[2] The employee surmised that the gun must have been empty or jammed but told the court of the lasting effect of appellant's pulling the trigger had on him.

unnecessary for a court to consider the other prong. *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000), citing *Strickland.*

{¶ 38} In Ohio, every properly licensed attorney is presumed to be competent, and a defendant claiming ineffective assistance of counsel bears the burden of proving otherwise. *State v. Davis*, 2021-Ohio-4015, ¶ 25 (8th Dist.), citing *State v. Black*, 2019-Ohio-4977, ¶ 35 (8th Dist.). When evaluating counsel's performance on an ineffective-assistance-of-counsel claim, the court "must indulge a strong presumption" that counsel's performance "falls within the wide range of reasonable professional assistance." *Strickland* at 689.

{¶ 39} We have already determined that the robbery and theft offenses do not merge as allied offenses of similar import and that there were no reversible errors made during the plea hearing. As such, counsel was not ineffective for any failure to raise those issues.

{¶ 40} As to appellant's mandatory fine, R.C. 2929.18(B)(1), governing felony financial sanctions, states in part:

> For a first, second, or third degree felony violation of any provision of Chapter 2925 . . . of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

{¶ 41} Thus, a trial court is prohibited from imposing the corresponding fine if the defendant files an affidavit of indigency before sentencing *and* if the court also determines the defendant is indigent and unable to pay. A plain reading of R.C. 2929.18(B)(1) shows both prongs must be met.

{¶ 42} "[T]he trial court need not make an 'affirmative finding that the offender is able to pay a mandatory fine.'" *State v. Murray*, 2025-Ohio-5637, ¶ 13 (8th Dist.), quoting *State v. Gipson*, 88 Ohio St.3d 626, 635 (2000). Rather, when an affidavit of indigency is filed, "the defendant bears the burden of demonstrating that he or she is both indigent and unable to pay the mandatory fine." *Murray* at *id.* "The failure to file an affidavit of indigency constitutes ineffective assistance of counsel when the record shows a reasonable probability that the trial court would have found the defendant indigent and unable to pay the fine had the affidavit been filed." *State v. Dansby-East*, 2016-Ohio-202, ¶ 32 (8th Dist.).

{¶ 43} Although trial counsel did not file an affidavit of indigency in advance of appellant's sentencing or move the court to waive the mandatory fine, appellant is unable to show that he would have received a waiver of the fine had counsel done so.

{¶ 44} Appellant initially had appointed counsel but then retained counsel who represented him at his plea and sentencing hearings. In appellant's pre-sentence-investigation report, he was asked to rate his current financial situation on a scale of one, being that that he cannot pay bills, to a five, meaning that he can pay his bills and has extra money. Appellant reported a four. According to the report,

appellant was physically and mentally well. He owned his home and denied having any debts. He also reported that he was employed and has a GED.

{¶ 45} Although appellant was sentenced to a lengthy term of imprisonment, "the fact that a defendant is sentenced to a lengthy prison sentence 'does not necessarily preclude the imposition of financial sanctions.'" *State v. Nitsche*, 2016-Ohio-3170, ¶ 76 (8th Dist.), quoting *State v. Western*, 2015-Ohio-627, ¶ 57 (2d Dist.).

{¶ 46} Considering the facts and circumstances of this case, counsel was not deficient by failing to secure an affidavit of indigency or to address appellant's ability to pay the mandatory fine.

{¶ 47} The third assignment of error is overruled.

{¶ 48} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.


_____
MICHAEL JOHN RYAN, JUDGE

LISA B. FORBES, P.J., and
ANITA LASTER MAYS, J., CONCUR